UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

INTI C.-L.,                                        Case No. 26-CV-2777 (PJS/SGE)

        Petitioner,

v.                                                        ORDER

TODD BLANCHE, Acting Attorney
General; MARKWAYNE MULLIN,
Secretary, Department of Homeland
Security; TODD M. LYONS, Acting
Director, Immigration and Customs
Enforcement; DAVID EASTERWOOD,
Acting Director, St. Paul Field Office
Immigration and Customs Enforcement,

        Respondents.

---

    Daniel P. Suitor, DANIEL P. SUITOR, PLLC, for petitioner.

    Joshua B. Sweeney, UNITED STATES ATTORNEY'S OFFICE, for respondents.

    This matter is before the Court on petitioner Inti C.-L.'s petition for a writ of habeas corpus.[1]  Inti, a citizen of Ecuador and resident of River Falls, Wisconsin, entered the United States without inspection in June 2018.  Pet. ¶¶ 7, 15.  In August 2018, Immigration and Customs Enforcement ("ICE") agents detained him, and he was placed in removal proceedings.  Pet. ¶ 15.  He was released on bond in September 2018.  Pet. ¶ 15.  On February 6, 2019, an immigration judge ordered Inti removed to Ecuador.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

Rojo Decl. ¶ 8.  On February 15, 2019, ICE mailed a notice to the bond obligor to deliver Inti.  Rojo Decl. ¶ 9.  After Inti failed to report, ICE mailed a notice to the bond obligor in March 2019 that Inti had breached the bond.  Rojo Decl. ¶ 9.

On May 27, 2026, Inti was waiting in a car with his infant nephew when two ICE agents approached, forcibly removed him from the car, and arrested him. Pet. ¶¶ 19–20.  Although Inti alleges that he was not served with a warrant, Pet. ¶¶ 20, 22, respondents have submitted evidence that he was served with a Form I-200 warrant at the time of his arrest, Rojo Decl. ¶ 10.  Inti was transported to Minnesota for processing and is currently detained at the Kandiyohi County Jail in Willmar, Minnesota.  Pet. ¶ 25; Rojo Decl. ¶¶ 10, 12.  Inti now seeks habeas relief on the basis that his arrest was unlawful.[2]

## I. ANALYSIS

Inti argues that the Form I-200 warrant that purportedly authorized his arrest was invalid because such warrants only authorize arrest during removal proceedings. *See* 8 U.S.C. § 1226(a) (authorizing arrest of an alien "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the alien is to be removed from the United States"); 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the

---

[2]Inti initially brought other claims challenging his detention, but in his reply brief he expressly narrowed his claims to those challenging the legality of his arrest.

respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest."). The Court agrees.

The plain language of § 236.1(b)(1) authorizes the use of a Form I-200 warrant only "up to the time removal proceedings are completed." After an alien is ordered removed, "removal proceedings" are complete, the "removal period" begins, and the alien may be arrested pursuant to a Form I-205 warrant of removal (but *not* pursuant to a Form I-200 warrant). 8 C.F.R. § 241.3(a) ("Once the removal period defined in section 241(a)(1) of the Act begins, an alien in the United States will be taken into custody pursuant to the warrant of removal."); 8 C.F.R. § 241.2(a)(1) (defining "Form I-205" as a "Warrant of Removal"); *see also Arizona v. United States*, 567 U.S. 387, 407–08 (2012) (indicating the distinction between warrants used during removal proceedings and warrants used after an alien is ordered removed, citing 8 CFR § 241.2(a)(1)).

This is not, as respondents seem to imply, simply a matter of the wrong caption on an administrative form; the two warrants differ in who is authorized to issue them. *Compare* 8 C.F.R. § 241.2(a)(1) (listing immigration officials authorized to issue Form I-205 warrants), *with* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2) (much longer list of immigration officials authorized to issue Form I-200 warrants). In this case, the Form I-200 warrant was issued by an officer with the title "SDDO," Rojo Decl. ¶ 10 & Ex. E, which appears to stand for "Supervisory Detention and Deportation Officer." While such officers are

authorized to issue Form I-200 warrants, *see* § 287.5(e)(2)(xxxii), they are not listed among the officials authorized to issue Form I-205 warrants of removal, *see* § 241.2(a)(1).

The Court likewise does not agree with respondents' apparent position that 8 U.S.C. § 1231(a)(2), which mandates detention during the removal period, independently justifies Inti's arrest.  Section § 1231(a)(2) does indeed mandate *detention*, but the regulations are clear that a warrant of removal is nevertheless necessary to effect *arrest*.  8 C.F.R. § 241.3(a) ("Once the removal period defined in section 241(a)(1) of the Act begins, an alien in the United States will be taken into custody *pursuant to the warrant of removal*." (emphasis added)); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (requiring administrative agencies to act consistently with internal policies and regulations); *United States v. Lee*, 274 F.3d 485, 492 (8th Cir. 2001) ("[T]he *Accardi* doctrine bars administrative agencies from taking action 'inconsistent with their internal regulations when it would affect individual rights.'" (quoting *In re United States*, 197 F.3d 310, 315 (8th Cir.1999)).  The Court therefore finds that the Form I-200 warrant did not authorize Inti's arrest.

Under certain circumstances, an immigration official may effect a warrantless arrest.  In particular, an immigration official may arrest an alien without a warrant "if [the official] has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be

-4-

obtained for his arrest."  8 U.S.C. § 1357(a)(2).  The Eighth Circuit has construed "reason to believe" in § 1357(a)(2) to mean "constitutionally required probable cause."  *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).  Respondents have not attempted to justify a warrantless arrest under § 1357(a)(2), however, and although the record contains evidence that Inti is in violation of the immigration laws, the record contains no evidence that he "is likely to escape before a warrant can be obtained for his arrest." *Id.*  Accordingly, the Court concludes that respondents did not effect a valid warrantless arrest.

Because Inti's arrest was neither supported by a valid warrant nor lawful under § 1357(a)(2), the Court grants Inti's petition in part and orders respondents to release him within 48 hours of the entry of this order.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for unlawful executive detention).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED IN PART.

2.     Respondents must release petitioner within 48 hours of entry of this order.

3.      The remainder of petitioner's petition [ECF No. 1] is DENIED WITHOUT

PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 9, 2026                          /s/ Patrick J. Schiltz
                                             Patrick J. Schiltz, Chief Judge
                                             United States District Court